**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GLOBAL POLICY PARTNERS, LLC,** | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 1:09-cv-01471-RJL |
| **JULEANNA R. GLOVER,** | ) |
| and | ) |
| **DOE DEFENDANTS 1-10** | ) |
| Defendants. | ) |

## MOTION TO DISMISS

### A. INTRODUCTION

Defendant, Juleanna R. Glover, pursuant to Fed.R.Civ.P. 12(b)(6), respectfully requests that this Court dismiss the above-referenced complaint. In this fifteen-count complaint, the plaintiff, Global Policy Partners, LLC ("GPP"), alleges that Ms. Glover, along with ten John Does, unlawfully installed a spyware system called PC Pandora on the laptop computer of Jeffrey Weiss, one of GPP's principals and Ms. Glover's ex-husband, and this spyware system allowed Ms. Glover and the ten John Does to unlawfully access GPP's computer system, email account, and Mr. Weiss's communications with his counsel regarding his divorce proceedings with Ms. Glover. *See* Complaint, ¶¶ 15, 16, 21.[1] Consequently, at least according to the complaint, Ms. Glover and the ten John Does violated the Federal Computer Fraud Abuse Act, 18 U.S.C. § 1030; Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18

---

[1] GPP is a Florida limited liability corporation.

U.S.C. §§ 2510-2522; Title II of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701-2712; parallel District of Columbia statutory provisions, D.C. Code §§ 23-542-544; and the common law tort of trespass to chattels. *See* Complaint, Introduction.

Conspicuously absent from GPP's complaint, however, is any mention of the Judgment of Absolute Divorce that merged and incorporated Mr. Weiss and Ms. Glover's settlement agreement relating to their divorce proceedings. In that settlement agreement, each party agreed to release and forever discharge the other "from any and all rights and claims . . . arising out of or by virtue of the marital relation of the parties[.]" *See* Judgment of Absolute Divorce, Settlement Agreement, ¶ 18, attached hereto as Exhibit A. In addition, in the settlement agreement, Mr. Weiss agreed to "indemnify and hold Juleanna [Glover] harmless" for any liabilities "associated" with GPP. *See* Exhibit A, Settlement Agreement, ¶ 9c. There can be no doubt that GPP's claims arise out of the marital relationship between Mr. Weiss and Ms. Glover. In fact, the complaint is riddled with allegations claiming that, based upon her allegedly unlawful surveillance of Mr. Weiss' laptop, Ms. Glover obtained confidential communications pertaining to the divorce proceedings.

In addition, the instant lawsuit is also a liability associated with GPP. Thus, like the mutual release, the hold harmless provision is implicated in this case. Consequently, based upon the patent applicability of both of these provisions, Mr. Weiss' final judgment of divorce, as a matter of law, barred him from initiating this litigation against Ms. Glover. Unfortunately, Mr. Weiss paid no heed to his divorce decree, and therefore, this Court must intervene and dismiss this lawsuit. Such an order would be consistent with the facts and the law.[2]

---

[2] The divorce decree was entered November 26, 2008. Thus, Mr. Weiss was fully cognizant of its contents prior to initiating this lawsuit in August, 2009.

## B. ANALYSIS

"A court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted." *See* Fed.R.Civ.P. 12(b)(6); *see also Carroll v. Fremont Investment & Loan*, 2009 U.S. Dist. LEXIS 61645 at * 20 (D.D.C. July, 20, 2009). Surely, if the plaintiff, as a matter of law, is barred from initiating a lawsuit, the complaint would not state a claim upon which relief could be granted. Indeed, neither this Court nor any court could grant relief to any plaintiff who was not entitled to bring the lawsuit.

Such is the precise scenario in this case. Mr. Weiss, through GPP, is attempting to litigate claims that his divorce decree explicitly prohibits him from doing. According to the settlement agreement's mutual release:

> [e]xcept as otherwise provided by this Settlement Agreement, each Party hereby releases and forever discharges the other, his or her heirs, executors, administrators, assigns, property and estate from any and all rights, claims, demands, or obligations, arising out of or by virtue of the marital relation of the Parties, including rights to equitable distribution, marital property, judgments, dower rights, curtsey, homestead rights, family allowance, right to an elective share of the estate of the other, or to take against the will of the other, right of inheritance or distribution in the event of intestacy, right to act as administrator of the estate of the other, and all other similar or related rights under the laws of any state or territory of the United States or of any foreign country, as such laws exist or may hereafter be enacted or amended. Except as otherwise set forth in this Agreement, this paragraph is intended to waive all rights of each spouse in the property and estate of the other. Nothing herein, however, shall constitute a waiver by either Party of the right to accept a voluntary bequest or bequests under the will of the other or to act as Personal Representative of the estate of the other if so named in the Last Will and Testament of the other.

*See* Exhibit A, Settlement Agreement, ¶ 18. Thus, based upon the explicit language of this mutual release provision, the only question for this Court is whether the pending lawsuit "arises out of or by virtue of the marital relation" of Mr. Weiss and Ms. Glover. *See Lindell v. The Landis Corporation, 401(K) Plan*, 2009 U.S. Dist. LEXIS 65228 at * 6-7 (D.D.C. July 28, 2009)(settlement agreements are contracts); *see also Pigford v. Schafer*, 536 F.Supp. 2d 1, 10

(D.D.C. 2008)(quoting *Mesa Air Group, Inc. v. Dept. of Transportation*, 87 F.3d 498, 503 (D.C. Cir. 1996)("when the language of a contract is clear and unambiguous on its face, a court will assume that the meaning ordinarily ascribed to those words reflects the intention of the parties.")

There can be no question that the current lawsuit "arises out of or by virtue of the marital relation" between Ms. Glover and Mr. Weiss. The complaint specifically alleges that the purportedly unlawful acts of Ms. Glover occurred "while their divorce proceedings were pending." Complaint, ¶ 15. In addition, the complaint states that Ms. Glover, "surveilled Mr. Weiss' privileged correspondence with his counsel regarding the divorce and what he would accept as a settlement." *Id.* Indeed, the complaint proceeds to allege that, "[w]ith this privileged information, [Ms. Glover] obtained a decisive, unfair advantage in divorce proceedings." *Id.*; *see also* Complaint, ¶ 21 ("[Ms. Glover intercepted and read privileged communications between Mr. Weiss and his counsel in real time during the course of the [divorce] settlement negotiations, which gave [Ms. Glover] a decisive, unfair advantage in the divorce proceedings."); ¶ 31 ("[Ms. Glover] also placed global positioning devices on Mr. Weiss' car and cellular phone so she could track his every move."); ¶ 38 (Ms. Glover's allegedly unlawful activity impaired Mr. Weiss' "legal position in his divorce proceedings against [Ms. Glover].") In simple terms, therefore, there is no dispute that the current lawsuit "arises out of or by virtue of the marital relation" between Ms. Glover and Mr. Weiss. Indeed, the critical component underlying the complaint is the divorce proceeding between Mr. Weiss and Ms. Glover. Consequently, based upon the mutual release's explicit language, this Court, as a matter of law, must dismiss the complaint. The divorce decree precluded Mr. Weiss from initiating this litigation.[3]

---

[3] The divorce decree also establishes that the laptop computer at issue in this case was not Mr. Weiss's, but marital property. *See* Exhibit A, Addendum to Settlement Agreement, ¶ B.

Motion to Dismiss
Page 4

Moreover, Mr. Weiss cannot escape the mutual release by claiming that GPP brought this lawsuit.  In fact, the Complaint alleges that Mr. Weiss and Ms. Friess Yessin have majority control of GPP, and therefore, possess the authority "to make decisions on behalf of GPP."  *See* Complaint, ¶ 9.  In other words, Mr. Weiss and Ms. Friess Yessin decided to file this lawsuit.  In addition, if GPP prevails in this lawsuit, Mr. Weiss and Ms. Friess Yessin are the beneficiaries of any such judgment.  Thus, at the end of the day, GPP is simply a nominal plaintiff, and the fact remains that Mr. Weiss and Ms. Friess Yessin initiated this lawsuit.  Of course, the problem with this scenario is that the mutual release prohibited Mr. Weiss from having any participation whatsoever in this lawsuit, because it arises out of or by virtue of the marital relationship between him and Ms. Glover.  Thus, this Court has no alternative but to dismiss this complaint.  It should not allow Mr. Weiss to circumvent the mutual release by naming GPP as the plaintiff in this case.  GPP was not involved in the divorce.

The mutual release, however, is not the only provision contained in the divorce decree that compels this Court to dismiss this Complaint.  According to the settlement agreement:

> Jeffrey has an interest in Global Group Partners.  Jeffrey's interest in Global Group Partners shall become Jeffrey's sole and separate property and Juleanna waives any interest she may have therein.  Jeffrey shall be solely responsible for any liabilities associated with this asset and shall indemnify and hold Juleanna harmless thereon.

*See* Exhibit A, Settlement Agreement, ¶ 9c.  By its explicit terms, therefore, this "hold harmless" and indemnification provision protects Ms. Glover from any liabilities associated with GPP.  Of course, the current litigation is a liability associated with GPP.  Thus, Mr. Weiss is required to hold Ms. Glover harmless for this lawsuit, and also is obligated to indemnify her for her defense costs.  Simply put, this "hold harmless" provision mandates a dismissal of this case.  The lawsuit is a liability associated with GPP, and consequently, Mr. Weiss lacked any legal basis to initiate

Motion to Dismiss
Page 5

this litigation against Ms. Glover. The mutual release and the "hold harmless" provision compel one inevitable conclusion: this Court must dismiss the complaint.[4]

Respectfully submitted this 28th day of August, 2009

By: _____
Ross A. Nabatoff, #376665
Andrew D. Herman, #462334
BRAND LAW GROUP
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700
Attorneys for Defendant Juleanna R. Glover

---

[4] The absurdity of this case is vividly illustrated by the fact that, if this Court declines to dismiss it, Ms. Glover pursuant to Fed. R. Civ. P. 14(a), will serve a third-party summons and complaint on Mr. Weiss, thereby creating the untenable scenario of Mr. Weiss being a third-party defendant and prosecuting the case as one of GPP's managers.

Motion to Dismiss
Page 6

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 28th day of August, 2009, a true and correct copy of this Defendant's *Motion to Dismiss* and *Proposed Order* has been served via electronic mail upon the following:

Stephen Lybrook Neal, Jr.
DiMuroGinsberg PC
908 King Street
Suite 200
Alexandria, VA 22314
(703) 684-4333
Fax: (703) 548-3181
Email: sneal@dimuro.com

                _____
                Ross A. Nabatoff