EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
DOMESTIC RELATIONS BRANCH
FAMILY COURT

|  |  |  |
|---|---|---|
| JULEANNA GLOVER, | : | |
| Plaintiff, | : | |
| vs. | : | DR Case No. 2008 DRB 1980 |
| | : | Judge Zinora M. Mitchell-Rankin |
| JEFFREY WEISS, | : | Calendar 3 |
| Defendant. | : | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT OF ABSOLUTE DIVORCE

This matter came before the Court on November 26, 2008, for a Consent Divorce hearing. The Plaintiff, Ms. Juleanna R. Glover, filed the subject Complaint for Absolute Divorce on July 3, 2008. An Uncontested Praecipe was executed by the parties and entered on the docket on the date of the subject hearing. The Plaintiff and the Defendant, Mr. Jeffrey C. Weiss, were present throughout the proceedings. Based upon the pleadings and the evidence adduced at the hearing, the Court enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.      This Court has jurisdiction pursuant to the District of Columbia Code, Title 11, Section 1101.1 and Title 16, Section 4206.01(a)(1).

2.      The Plaintiff and the Defendant are bona fide residents of the District of Columbia, having resided in the referenced location for more than six (6) months next preceding the filing of the subject Complaint.

3.      The parties were lawfully married to each other on July 24, 1997, in the District

of Columbia. (See, Plaintiff's Exhibit No. 1: Marriage Certificate)

4.      The parties separated on October 15, 2007, and have since that time lived

mutually and voluntarily separate and apart from bed and board, without interruption and

without cohabitation, for a period of in excess of six (6) months next preceding the

commencement of this action.

5.      There is no prospect of reconciliation.

6.      The parties are the parents of three (3) children:  William James Glover Weiss,

who was born on June 3, 1998; Evelyn Blythe Glover Weiss, who was born on March 8,

2000, and Helena Marshall Glover Weiss, who was born on March 19, 2003.

7.      The District of Columbia is the Home State of the subject minor children.

8.      The parties have entered into a Settlement Agreement and Addendum, which was

modified at the subject hearing, to exclude specific references to the type and structure of

visitation by the Defendant, Mr. Jeffrey C. Weiss, with the subject minor children, and

have agreed to submit this issue to the Court for resolution.  In that regard, the parties

have agreed to strike the provisions of the Settlement Agreement at Page 2, Paragraph C,

at the third sentence, and the Addendum at Page 1, Section A, Paragraph 2c, including

the written delineation, thereto. (See, Plaintiff's Exhibits Nos. 2 and 3: Settlement

Agreement dated June 12, 2008 and Addendum dated November 25, 2008)

9.      The parties have ratified and have affirmed the viability of the remaining

provisions of said Agreement and Addendum, which now comprise the totality of their

Agreements concerning this action. (See, Settlement Agreement dated June 12, 2008,

except the stricken language on Page 2 at Paragraph C, at the third sentence, and the

Addendum dated November 25, 2008, except the stricken language in Section A, Paragraph 2c and written delineation, thereto.)

10.     The parties request that the Settlement Agreement dated June 12, 2008, as modified herein, and the Addendum dated November 25, 2008, as modified herein, be Incorporated and Merged into this Judgment. (See, Plaintiff's Exhibits Nos. 2 and 3: Settlement Agreement dated June 12, 2008, and Addendum dated November 25, 2008)

11.     The Agreement and Addendum, as modified, resolves all issues involving custody, child support, including the payment of other designated child related expenses, and also expresses the parties' intention that the subject minor children and the Defendant share consistent visitation. The Agreement and Addendum, as modified, also resolves all property related matters arising out of their union. (Plaintiff's Exhibits Nos. 2 and 3: Property Settlement Agreement dated June 12, 2008, and Addendum to the June 12th Agreement, dated November 25, 2008)

12.     Accordingly, as to issues involving custody, child support and property distribution, there remain no such issues to be adjudicated by this Court.

13.     The parties affirmed to this Court that the custodial structure and the remaining visitation provisions (See, Agreement at Page 2, Paragraph C, except third sentence), as provided in the Agreement and Addendum, are in the best interests of the subject minor children. The parties further affirmed that the amount of child support to be paid, and the payment of other child related expenses as provided in the Settlement Agreement and Addendum, as modified, are adequate to meet the subject minor children's needs and expenses. (See, Agreement dated June 12, 2008, at Pages 1-4, at Section: Issues Relating

3

to the Minor Children, and Page 9: Life Insurance, and Addendum Section A: Modifications at Paragraph 3)

14.     The parties agree that they each are fit and proper custodians, and that it is in the best interests of the subject minor children that the parties receive Joint Legal Custody, and that the Plaintiff receives Sole Physical Custody. (See, Agreement at Page 1, Issues relating to Minor Children at Section 2a.)

15.     The parties agree that it is in the best interests of the subject minor children that the Defendant receives Reasonable Rights of Visitation, to be defined and structured by the Court after the next scheduled hearing.

16.     That the parties agree that it is in the best interests of the subject minor children that the appointed Guardian Ad Litem, Ms. Michelle Henry, shall continue to serve, notwithstanding the pendency of the subject case, for as long as is necessary consistent with the best interests of the subject minor children.

17.     The parties agree, in that regard, to equally share the costs of services rendered by the Guardian Ad Litem; the fee and billing arrangements to be coordinated between the Guardian Ad Litem and the parties.

18.     The parties affirmed that the provisions of their Agreement and Addendum that specifically address and resolve property related issues arising out of their union, provides for a fair, just and equitable resolution of the same. (See, Agreement at Pages 5-9, and Addendum at Pages 1 and 2, Section A, Paragraph 6, Paragraphs B and D)

19.     The parties executed a Joint Waiver of their Right to Appeal. (See, Joint Waiver-Official Court Record)

## CONCLUSIONS OF LAW

Based upon the foregoing Findings of Fact, the Court enters the following Conclusions as a matter of Law:

1.      That this Court has personal and subject matter jurisdiction.

2.      That the Plaintiff is entitled to a Judgment of Absolute Divorce on the grounds of mutual and voluntary separation from bed and board, without interruption and without cohabitation, for a period of in excess of six (6) months next preceding the commencement of this action.

3.      That the Separation Agreement, as modified herein, and the Addendum dated November 25, 2008, as modified herein, shall be Incorporated and Merged into the subject Judgment.

4.      That it is in the best interests of the subject minor children that the parties receive Joint Legal Custody, and that the Plaintiff receives Sole Physical Custody.

5.      That it is in the best interests of the subject minor children that the Defendant, Mr. Weiss, receives Reasonable Rights of Visitation, as will be defined and structured by this Court pending completion of the next scheduled hearing.  Until such time as there is a further Order of this Court, the current visitation regimen shall remain in full force and effect.

6.      That the appointed Guardian Ad Litem, Ms. Michelle Henry, shall continue to serve for as long as is necessary and consistent with the best interests of the subject minor children, and her fees shall be shared equally between the parties.

7. That the parties shall not be an impediment in any way to the performance of the Guardian Ad Litem's duties and responsibilities, and shall endeavor in every way necessary to cooperate and facilitate the same.

8. That Mr. Weiss shall pay child support in accordance with the terms of the Addendum at Page 1, Section A, Paragraph 3, as incorporated by reference and merged herein.

9. That the parties will pay other identified child related expenses in accordance with the terms of the Settlement Agreement at page 4, as incorporated by reference and merged herein.

10. That the parties shall identify, assign and distribute property in a fair, just and equitable manner, and shall otherwise fully adhere to their obligations and responsibilities in that regard in accordance with the terms their Agreement at pages 5-9, and in the Addendum at Paragraph 6, and Paragraphs B and D, as incorporated by reference and merged herein.

11. That the parties shall specifically adhere to and shall act in accordance with all terms, conditions and responsibilities as provided in said Agreement and Addendum, as Incorporated by reference and merged herein.

12. That the parties knowingly and voluntarily executed a Joint Waiver of their Right to Appeal.

## JUDGMENT AND ORDER

Accordingly, it is this 26th day of November 2008;

**ORDERED, ADJUDGED AND DECREED:**

6

ORDERED, that the Plaintiff, **Ms. Juleanna R. Glover**, shall be AWARDED A JUDGMENT OF ABSOLUTE DIVORCE from the Defendant, **Mr. Jeffrey C. Weiss**, on the grounds of mutual and voluntary separation from bed and board, without interruption and without cohabitation, for a period of in excess of six (6) months next preceding the commencement of this action; and it is further

ORDERED, that this JUDGMENT is FINAL pursuant to a validly executed Joint Waiver of the parties' Right to Appeal; and it is further

ORDERED, that the Agreement dated June 12, 2008, as modified herein, and the Addendum dated November 25, 2008, as modified herein, shall be INCORPORATED and MERGED into this Judgment; and it is further

ORDERED, that the parties shall specifically adhere to and honor the terms, the obligations and responsibilities provided in the referenced Agreement and Addendum, as modified, and Incorporated and Merged herein; and it is further

ORDERED, that the Plaintiff, **Ms. Juleanna R. Glover**, shall be AWARDED SOLE PHYSICAL CUSTODY of the subject minor children, **William James Glover Weiss**, who was born on June 3, 1998, **Evelyn Blythe Glover Weiss**, who was born on March 8, 2000, and **Helena Marshall Glover Weiss**, who was born on March 19, 2003; and it is further

ORDERED, that the Plaintiff, **Ms. Juleanna R. Glover**, and the Defendant, **Mr. Jeffrey C. Weiss**, shall be AWARDED JOINT LEGAL CUSTODY of the subject minor children, **William James Glover Weiss**, who was born on June 3, 1998, **Evelyn Blythe Glover Weiss**, who was born on March 8, 2000, and **Helena Marshall Glover Weiss**, who was born on March 19, 2003; and it is further

7

ORDERED, that the Defendant, **Mr. Jeffrey C. Weiss**, shall be AWARDED REASONABLE RIGHTS OF VISITATION with the subject minor children, and

    a.    The type and structure of the visitation shall be determined by the Court, upon completion of the next scheduled hearing on December 19, 2008.

    b.    That until such time as the Court issues an Order regarding visitation by the father with the subject minor children, the parties shall maintain the current pendente lite visitation regimen and structure; and it is further

ORDERED, that the Defendant, **Mr. Jeffrey C. Weiss**, shall pay child support to the Plaintiff, **Ms. Juleanna Glover**, on behalf of the subject minor children in the amount and on the date (effective December 1, 2008) as agreed to by the parties. (See, Addendum Section A, Paragraph 3); and it is further

ORDERED, that the parties shall pay other child related expenses as identified and provided in the Settlement Agreement at page 4, as Incorporated and Merged herein; and it is further

ORDERED, that the Plaintiff, **Ms. Juleanna Glover**, shall maintain health insurance for the subject minor children until they reach the age of termination in accordance with the terms of the subject medical plan, or are otherwise emancipated and self supporting; and it is further

ORDERED, that Ms. Glover shall tender to Mr. Weiss the sum of $50,000.00 forthwith in accordance with the terms of their Agreement (Addendum, at Section A, Paragraph 6), as Incorporated and Merged herein; and it is further

8

ORDERED, that the parties shall fully cooperate with the Guardian Ad Litem, Ms. Michelle Henry, to include, but not limited to access to the subject minor children, the parties' homes, the subject minor children's school(s), therapist(s), reports, documents, computers (programs and soft ware), cell phones, text messages and other information from whatever source, and any person, places, items, objects or things as are necessary to fulfill her function as advocate for the best interests of the subject minor children. In that regard, the parties shall engage in no conduct that is designed to or gives the appearance of any compromise of the integrity of that role; and it is further

ORDERED, that the parties shall equally share the costs associated with the work performed by the Guardian Ad Litem, Ms. Michelle Henry, for as long as her services are rendered. Specific rates of compensation and billing arrangements are to be coordinated between the parties and the Guardian Ad Litem; and it is further

ORDERED, that the parties shall report to the Superior Court of the District of Columbia, Courtroom 102 on Friday, December 19, 2008, at 10:00 a.m., and shall be prepared to present evidence on the remaining issue in this case, the type and structure of visitation by Mr. Weiss with the subject minor children, and shall make every effort to stipulate as to the authenticity and admissibility of documents, the qualifications of any expert witness(es), and shall insure that all information pertinent to an informed resolution of the remaining issue is presented to the Court, including but not limited to medical records, school reports, and information concerning the type and scope of the therapy provided by school personnel, diagnoses, if any, status and prognosis. To the extent that releases must be executed by the parties, the Court expects that this will be accomplished in a timely fashion; and it is further

9

ORDERED, that the Guardian Ad Litem shall prepare a Report and Recommendation concerning the remaining issues to be presented to the Court at the next scheduled hearing.  The Report and Recommendation shall be distributed to counsel for the parties not later than three (3) days in advance of the subject hearing.

SO ORDERED.

Zinora M. Mitchell-Rankin
Associate Judge

(Signed In Chambers)

Copies to:

John Perazich, Esquire
1835 Irving Street, N.W.
Washington, D.C.  20010

Charles Shaffer, Esquire
8000 Towers Crescent Drive
Suite 600, Tysons Corner
Vienna, Virginia  22182

Michelle Henry, Esquire
4655 Yorkshire Drive
Ellicott City, Maryland  21043

Ms. Juleanna R. Glover
2146 Wyoming Avenue, N.W.
Washington, D.C.  20008

Mr. Jeffrey C. Weiss
2323 Tracy Place, N.W.
Washington, D.C.  20008

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is made this 12 day of  June

2008 ,between  Jeffrey  Weiss  ("Jeffrey")  and  Juleanna  Glover  ("Juleanna")  (separately

referred to as a "Party" and jointly referred to as the "Parties").

### RECITALS

A.  The Parties were married in Washington, D.C. on July 24, 1997.

B.  Three children were born of this marriage, namely William James Glover Weiss.

whose date of birth is June 3, 1998; Evelyn Blythe Glover Weiss, whose date of birth is

March 8, 2000; and Helena Marshall Glover Weiss, whose date of birth is March 19, 2003

("Minor Children").

C.  The Parties separated on or about October 15, 2007, and since that date have

continued to live separate and apart. D.  It is the desire of both Parties to settle and determine

all issues arising out of their marriage or otherwise.  Both parties understand their children

will pay a price for the divorce and wish to minimize its impact on their lives.

NOW, THEREFORE, it is mutually agreed by and between the Parties as follows:

### SEPARATION

1.      Each Party at all times hereafter shall continue to live separate and apart from

the other Party at such place or places as he or she may from time to time choose or deem fit.

### ISSUES RELATING TO MINOR CHILDREN

2.      Parenting:

a.      The Parties will have joint legal custody of the Minor Children, who shall

reside primarily with Juleanna. Until such time as Jeffrey obtains a larger residence with

appropriate accommodations for the Minor Children, Jeffrey shall continue to visit the Minor

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

Children at the Wyoming Avenue Property (as defined below) where they reside with Juleanna.

   b.     The Parties agree to work with Dr. Linda Campbell, or another mutually agreed upon mental health professional, to assist them with the implementation of a time sharing plan, and they shall give deference to the recommendations of the mental health professional. The Parties recognize that as the Minor Children get older the time sharing plan will change from time to time, and they agree to continue to enlist the assistance of a mental health professional to make recommendations about an appropriate schedule designed to meet the needs of the Minor Children as they mature.

   c.     Until Jeffrey moves to a larger residence, he shall continue to spend scheduled time with the Minor Children at the Wyoming Avenue Property or as otherwise mutually arranged between the Parties.  Both Parties are committed to insuring that Jeffrey spends frequent, normal parenting time with the Minor Children (while continuing to use the Wyoming Avenue Property as their home for now) including without limitation driving them to and from school, feeding them dinner, bathing them, and putting them to bed. As long as there is another adult over the age of 18 years old on the main, second, third or fourth floor of the Wyomings Avenue residence from the date of signing this agreement forward to December 31, 2008.  Jeffrey agrees he cannot remove the children from the Wyoming Avenue premises without providing express written or emailed notice subject to Juleanna's approval and this provision applies until June 3, 2009.  Jeffrey agrees that all visits to the Wyoming Avenue residence must be scheduled in advance with Juleanna until June 3, 2009 and Juleanna is committed to ensuring that Jeffrey spends the maximum amount of time

2

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

possible with the children.

Jeffrey understands that for the 30 days following the execution of this agreement his visitation with the children will be limited to two or three dinners per week and either a Saturday or Sunday afternoon spent with the children each weekend.

d.    Both Parties believe that it is in the best interest of the Minor Children for the Parties to reside near one another, within walking distance if possible. To this end, Juleanna is willing to assist Jeffrey in finding a suitable residence near the Wyoming Avenue Property.

3.    <u>Child Support</u>: a.    Jeffrey shall pay to Juleanna as contribution to the support of the Minor Children the sum of Two Thousand Dollars ($2,000) per month on the first day of each month commencing September 1, 2007, and continuing until the youngest

3

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

child reaches the age of twenty-one (21) years, or becomes emancipated (other than by reason of age), whichever first occurs.

b.     In addition, the Parties shall share the direct expenses set forth in this paragraph 3b, in proportion to their income. Initially, Juleanna shall pay seventy-five percent (75%) of the expenses and Jeffrey shall pay twenty-five percent (25%) of these expenses. The Parties shall exchange income information on June 1 of every year and recompute the percentage based upon the Parties' income. These expenses shall include: extracurricular and after school activities, summer programs/camps, tutoring, unreimbursed medical expenses, , private school tuition through high school, and automobile expenses for the automobile used primarily to transport the Minor Children. These expenses shall also include child care expenses; provided, however, the parties agree that they shall equally divide the costs of an agreed upon au pair, and that Jeffrey shall contribute 5̶0̶ percent 25% JG, ̶t̶o̶w̶a̶r̶d̶ the cost of Lourdes Parrenas's salary and overtime for as long as she is employed by Juleanna.

c.     College Expenses.  The parties hope and expect that each child will obtain a four year undergraduate college education.  The Parties shall share equally the costs of reasonable undergraduate college and reasonable related living expenses for the children, including, but not limited to tuition, room (or rent, if not through college or university housing), board (or food, if not through a meal plan offered by the college or university, books, supplies, fees, tutoring, and transportation between their residence and the college.

4.     Health Insurance:     Juleanna shall maintain health insurance for each child until a child reaches the age of twenty-one (21) years, or becomes emancipated (other than by

4

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

reason of age), whichever first occurs.

### ALIMONY WAIVER

5.    a.    Each Party hereby releases and discharges the other, absolutely and forever, from any and all claim or right to receive from the other Party temporary, definite, or indefinite alimony, support, or maintenance for the past, present or future. Each Party acknowledges that this provision has been explained to them and each Party understands and recognizes that, by the execution of this Agreement, they cannot at any time in the future make any claim against the other for alimony, support, or maintenance of any kind whatsoever.

b.    The terms of paragraph 5 providing for a mutual waiver of alimony payments shall not be modifiable by any court in any jurisdiction for any reason.

### ASSET DISTRIBUTION

6.    <u>Real Property And Contents</u>: a.    The Parties own a home located at Wyoming Avenue, N.W., Washington, D.C., which is titled as tenants by the entireties ("Wyoming Avenue Property"). The property is encumbered by a Wachovia Mortgage note in the principal amount of $1,679,699; a second mortgage in the principal amount of $369,043 and a Wachovia Line of Credit in the principal amount of $599,000.  Simultaneously with a) a refinance which fully removes Jeffrey from all liability with respect to the Wyoming Avenue Property, which refinance shall take place within thirty-six months of the execution of this Agreement, and b) the payment by Juleanna to Jeffrey of One Hundred Thousand Dollars ($100,000),  Of that amount,  Twenty Five Thousand Dollars ($25,000) shall be paid within 15 days of the execution of this document and the remaining balance of Seventy-Five

5

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

Thousand Dollars ($75,000) shall be paid within 15 days of the refinancing of the Wyoming Avenue Property. Jeffrey shall transfer his interest in the Wyoming Avenue Property to Juleanna and it shall be and become her sole and separate property. Jeffrey shall cooperate in executing all documents required to transfer his interest in the property to Juleanna. Upon execution of this Agreement, Juleanna shall be and become solely responsible for the three notes secured by the Wyoming Avenue Property as well as all expenses associated with the property and shall indemnify and hold Jeffrey harmless thereon.

b.    Marital Furniture, Furnishings, Fine Art, Rugs, and Other Tangible Personal Property:  The rocking chair in the master bedroom, and the furniture, furnishings, art, and rugs on the main level of the Wyoming Avenue Property shall be Juleanna's sole and separate property.  The painting known as "the Lady" shall be Jeffrey's sole and separate property, but Jeffrey shall not remove that painting from the Wyoming Avenue Property prior to five (5) years from the execution of this Agreement.  The several paintings known as "the Little Paintings" in the foyer of the Wyoming Avenue Property shall be Jeffrey's sole and separate property.  The Parties will divide the remaining marital property to their mutual satisfaction and each Party's personal effects shall remain his or her sole property. If the Parties are unable to resolve this issue to their mutual satisfaction, they shall resolve the division of all such marital property by mediation. They shall attend two hours of mediation with a mediator selected by their counsel and shall share the cost equally. If at the end of two hours the Parties are still unable to reach agreement then the mediate shall assume the role of arbitrator and shall divide the property equitably between the Parties. The decision of the mediator shall be final, binding upon the Parties, enforceable by court order, and may not be appealed.

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

7.     Bank Accounts:  The Parties own variously titled bank accounts. Each Party will be the sole owner of all such assets titled in his or her name. Upon execution of this Agreement, the joint accounts shall be closed and any funds remaining in the joint accounts shall be Jeffrey's sole and separate property.

8.     Retirement Assets:  The Parties own the retirement accounts listed on Schedule A attached hereto and incorporated herein. The retirement assets as of June 30, 2007 shall become the sole and separate property of Jeffrey. At the time of entry of a Judgment of Absolute Divorce the Parties shall ask the court to enter whatever orders may be necessary to implement the terms of this paragraph 8. Except as provided herein, each Party waives and release any legal rights or claims that he or she may have in the retirement assets of the other.

9.     Business Interests:

a.   The Ashcroft Group, LLC:   Juleanna has an interest in The Ashcroft Group, LLC.  If, at any time during Juleanna's lifetime The Ashcroft Group, LLC is sold or acquired, such that Juleanna derives any financial benefit there from, upon receipt Juleanna shall promptly remit to Jeffrey ten percent (10%) of the net proceeds derived by Juleanna. Net proceeds shall mean the gross amount received by Juleanna minus any taxes due thereon. Except as set forth above, Juleanna's interest in The Ashcroft Group, LLC shall become Juleanna's sole and separate property effective on June 30, 2007 and Jeffrey waives any interest he may have therein. Juleanna shall be solely responsible for any liabilities associated with this asset and shall indemnify and hold Jeffrey harmless thereon.

b.   Group SJR:  Juleanna has an interest in Group SJR, LLC. Juleanna's interest in Group SJR shall become Juleanna's sole and separate property and Jeffrey waives

720648.2

08294.001

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

any interest he may have therein. Juleanna shall be solely responsible for any liabilities associated with this asset and shall indemnify and hold Jeffrey harmless thereon.

    c.    <u>Global Group Partners</u>:  Jeffrey has an interest in Global Group Partners. Jeffrey's interest in Global Group Partners shall become Jeffrey's sole and separate property and Juleanna waives any interest she may have therein. Jeffrey shall be solely responsible for any liabilities associated with this asset and shall indemnify and hold Juleanna harmless thereon.

    10.    <u>Automobiles</u>: Jeffrey owns a Land Rover which is encumbered by a loan in the principal amount of Fifty-Five Thousand One Hundred Nineteen Dollars ($55,119). Jeffrey shall retain the Land Rover as his sole and separate property. Jeffrey shall be solely responsible for all liabilities incident to the use and ownership of this automobile, including, but not limited to, the loan, automobile insurance, and all other expenses associated with the Land Rover, and shall hold Juleanna harmless for any liability or obligation relating thereto.

## LIABILITIES

    11.    a.    Juleanna shall pay the following debts of the Parties: U.S. Senate Employees Visa, U.S. Senate Employees Home Line of Credit, U.S. Senate Employees Line of Credit, Wachovia Visa and American Express and shall hold Jeffrey harmless thereon.

    b.    Jeffrey shall pay the full amounts due on the U.S. Senate Credit Union Visa credit card account titled in his sole name, and shall hold Juleanna harmless thereon.

    c.    Except as provided herein, each Party shall be solely responsible for and shall pay all liabilities incurred by that Party before and after execution of this Agreement.

8

08294.001

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

## INCOME TAXES

12.     The Parties shall file joint federal, state, and local income tax returns for 2006. The Parties shall share the liability and/or refund for the joint return in proportion to their respective gross incomes and withholding for the year.

13.     Commencing in calendar year 2008, the Parties shall file separate federal, state, and local income tax returns. If the Parties are not divorced by December 31, 2007 and if they agree it is mutually beneficial, they will file joint federal, state, and local income tax returns for calendar year 2007.

## LIFE INSURANCE

14.     Each Party shall maintain and pay the premiums for a life insurance policy or policies with an aggregate face value of at least $3,000,000, irrevocably designating the Minor Children as the beneficiaries, until the youngest attains twenty-one (21) years of age. Each Party shall provide the other Party with a copy of the beneficiary designation(s), and shall also provide the other Party with proof of the paid up status of the policy(ies) annually.

## COMPLIANCE

15.     The Parties shall execute the documents necessary to implement this Agreement.

16.     If either Party breaches or fails to perform according to the provisions of this Agreement, the Party in breach shall pay the reasonable attorneys' fees and costs of the Party

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

seeking performance and enforcement.

## RECONCILIATION

17.  This Agreement is intended to survive any reconciliation between the parties and to be binding upon them.  In the event of a reconciliation, the provisions of this Agreement shall not be affected unless a new agreement is entered into in writing, with the same formalities as this Agreement, mutually revoking and rescinding this Agreement and/or entering into a new agreement.

## MUTUAL RELEASE

18.     Except as otherwise provided by this Settlement Agreement, each Party hereby releases and forever discharges the other, his or her heirs, executors, administrators, assigns, property and estate from any and all rights, claims, demands, or obligations arising out of or by virtue of the marital relation of the Parties, including rights to equitable distribution, marital property, judgments, dower rights, curtsey, homestead rights, family allowance, right to an elective share of the estate of the other, or to take against the will of the other, right of inheritance or distribution in the event of intestacy, right to act as administrator of the estate of the other, and all other similar or related rights under the laws of any state or territory of the United States or of any foreign country, as such laws exist or may hereafter be enacted or amended.  Except as otherwise set forth in this Agreement, this paragraph is intended to waive all rights of each spouse in the property and estate of the other.  Nothing herein, however, shall constitute a waiver by either Party of the right to accept a voluntary bequest or bequests under the will of the other or to act as Personal Representative of the estate of the other if so named in the Last Will and Testament of the other.

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

19.    Except as otherwise provided in this Agreement, and except for any cause of action for divorce or for enforcement or breach of this Agreement, each Party does hereby release and forever discharge the other of and from all causes of action, claims, rights, or demands whatsoever, in law or in equity, which either of the Parties ever had or now has against the other, including, without limitation, equitable distribution rights arising under D.C. Code Section 16-910 and other applicable statutes.  Upon execution of this Agreement, all assets in the name of each Party and all assets transferred to each Party pursuant to this Agreement, shall be and become the sole and separate property of that Party.  Each Party agrees that the consideration set forth herein includes full satisfaction for any such claim.

## MISCELLANEOUS PROVISIONS

20.    Each Party states that he or she has made disclosure of all significant joint and separate assets through the date of this Agreement. Each Party represents that he and she have been provided with sufficient information and disclosure to enter into this Agreement.  The Parties further acknowledge that the distribution of property provided for in this Agreement is premised upon full and complete financial disclosure.

21.    Jeffrey and Juleanna represent that they have sought and obtained legal advice independently of each other; that they have read the Agreement fully; that all the provisions of this Agreement and the law have been fully and satisfactorily explained to them; that they have given due consideration to such provisions; and that they voluntarily assent to all the provisions hereof.  The parties further acknowledge that Deborah Reiser served as Mediator for the parties, and drafted portions of this Agreement, after expressly instructing each party to seek the independent advice of an attorney prior to signing this Agreement.  Both parties

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

recognize and acknowledge that the Mediator does not represent either party, and that she can not and did not advise either as to the advisability of entering into this Agreement.

22.    The Parties will cooperate in obtaining an uncontested divorce.

23    Any waiver of any breach or default under this Agreement shall not be deemed a waiver of any subsequent breach or default.

24.    This Agreement shall be governed by the laws of the District of Columbia.

25.    Both Parties have contributed to the drafting of and revisions to this Agreement.

26.    This Agreement contains the entire understanding of the Parties and they shall not be bound by any representations, warranties, promises, covenants or understandings other than those set forth in this Agreement.

27.    Simultaneously with the execution of this Agreement, all documents needed to implement this Agreement shall be executed and all funds to be transferred pursuant to this Agreement shall be delivered.

IN WITNESS WHEREOF, and being fully advised by their attorneys in the premises, the Parties hereto have hereunder subscribed their names to this Agreement.

_____  _____ (SEAL)
Witness                                            JULEANNA GLOVER

_____  _____ (SEAL)
Witness                                            JEFFREY WEISS

DISTRICT OF COLUMBIA ) ss

On this 12th day of June 2008, before me, a notary public in and for the state and county aforesaid, personally appeared JULEANNA GLOVER , known to me as the Wife described in the foregoing instrument and who executed the said instrument and

12

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

acknowledged to me that she freely and voluntarily executed the same for the purposes named herein, and who made oath in due form of law that the matters and things stated herein are true.

_____
Notary Public

My Commission Expires:

BETHLEHEM MITIKU
NOTARY PUBLIC
OF COLUMBIA
EXPIRES AUGUST 14, 2012

DISTRICT OF COLUMBIA

On this 12 day of June 2008, before me, a notary public in and for the state and county aforesaid, personally appeared JEFFREY WEISS, known to me as the Husband described in the foregoing instrument and who executed the said instrument and acknowledged to me that he freely and voluntarily executed the same for the purposes named herein, and who made oath in due form of law that the matters and things stated herein are true.

_____
Notary Public

My Commission Expires: Ellen M. Frisius
Notary Public, District of Columbia
My Commission Expires 8-14-2010

720648.2                                                                 08294.001

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

k:\data\clients\91481\CLN-AG-SE0001-ssiegel-02.doc

720648.2                                                                08294.001

ADDENDUM TO SETTLEMENT AGREEMENT DATED JUNE 12, 2008

This ADDENDUM TO THE SETTLEMENT AGREEMENT DATED JUNE 12, 2008 ("Addendum"), is made this *15* day of November, 2008, between Juleanna R. Glover ("Juleanna") and Jeffrey C. Weiss ("Jeffrey"), (separately referred to as a "Party" and jointly referred to as the "Parties").

The Parties acknowledge and confirm that the Settlement Agreement dated June 12, 2008, remains valid and in full force and effect except as it may be modified by the following Addendum to which the parties agree to be bound pursuant to Paragraph 26 of the June 12, 2008 Settlement Agreement.

A. Modifications to Specific Paragraphs in the Settlement Agreement Dated June 12, 2008

Paragraph 3:

Effective December 1, 2008, Jeffrey will pay Juleanna Two Hundred Dollars ($200.00) per month as his contribution to the support of the Minor Children for a period of six consecutive months. During May 2009, the parties agree to re-calculate Jeffery's child support contribution based on their respective incomes at that time, and pursuant to the then applicable District of Columbia Child Support Guidelines. Such re-calculation of Jeffrey's child support obligation shall become effective on June 1, 2009.

Paragraph 6:

Jeffrey acknowledges that he has previously received Twenty-five Thousand Dollars ($25,000) of the One Hundred Thousand Dollars ($100,000) due to him from Juleanna for his marital interest in the family home. Juleanna agrees to pay Jeffrey the sum of Fifty Thousand Dollars ($50,000) on the date the Judgment of Absolute Divorce is signed, leaving a balance due to Jeffrey of Twenty-five Thousand Dollars ($25,000). *Time Shall be of the essence with reference to said payments.*

Paragraph 2 c:

Jeffrey is to have fourteen (14) overnights with the children between November 25, 2008, and June 3, 2009. After June 3, 2009, child visitation will be structured in consultation with a child therapist, such therapist having been mutually agreed upon by counsel. Once the therapist has been selected the Parties will meet with such therapist prior to June 3, 2009. In addition to the above-referenced overnights, Juleanna will make every effort to ensure that the children spend nights with Jeffrey when she is away from home for overnight trips. *The Parties agree That said visitation need not be Supervised*

B. All issues relating to the Parties' personal property have been resolved and Jeffrey agrees that the Dell laptop computer purchased with his personal credit card is joint marital property but will become his sole and separate property on December 12, 2008.

PLAINTIFF'S EXHIBIT
3

1

C. Neither Party will disparage the other, and each agrees to enter into a separate non-disclosure agreement. In addition the Parties will make a joint effort to have the Superior Court record sealed. All claims previously advanced during the course of litigation by the parties against each other will be withdrawn and/or abandoned, including claims involving Mr. LaMagna.

D. In order to achieve an equitable division of marital property Juleanna agrees to transfer to Jeffrey her entire interest in her Omnicom 401(K) retirement account once it's value reaches Forty-three Thousand Nine Hundred Sixty-two Dollars ($43,962) or, notwithstanding a lesser value, on such earlier date as Jeffrey may request.

E. Concurrently with the execution of this Addendum, the parties and their counsel agree to execute and to forthwith file with the Superior Court an Uncontested Praecipe advising the Court that the case settled and that there are no contested issues remaining to be resolved by the Court and to cause to have scheduled an uncontested divorce hearing as soon as Judge Mitchell Rankin's schedule and calendar permits.

F. Juleanna agrees not to oppose any subsequent motion Jeffrey may file seeking to terminate his Deferred Sentencing Agreement before April 16, 2009.

G. Each Party is to bear his or her own attorney's fees and costs.

H. *[handwritten]* Both children shall remain enrolled in the British School of Washington thru July 2009.

IN WITNESS WHEREOF, and being fully advised by their attorneys in the premises, the Parties hereto have hereunder subscribed their names to this Addendum.

_____
Witness

_____
Juleanna Glover

The District of Columbia: SS
subscribed *(Seal)* and sworn to before me
this ___ day of _____
Lea Renee Johnson
Notary Public, DC
My commission expires 10/14/2011

_____
Witness

_____
Jeffrey Weiss                    *(Seal)*

*[handwritten paragraph]* I. Jeffrey is to have unsupervised visitation with the children on Wednesday Nov 26, 2008 to take the children to St. Sols Black, Oxford, Md for Thanksgiving thru Sunday Nov 30, 2008 at 7pm when he will deliver the children. All subsequent regular visitation with the children will be unsupervised.

DISTRICT OF COLUMBIA : SS

On this ___ day of November 2008, before me, a notary public in and for the state and county aforesaid, personally appeared JULEANNA R. GLOVER, who executed the foregoing instrument and acknowledged to me that she freely and voluntarily executed the same for the purposes named herein, and who made oath in due form of law that the matters and things stated herein are true.

_____
Notary Public

Candice Scott
Notary Public, District of Columbia
My Commission Expires 12/14/2012

My commission Expires: _____

DISTRICT OF COLUMBIA : SS

On this ___ day of November 2008, before me, a notary public in and for the state and county aforesaid, personally appeared JEFFREY C. WEISS, who executed the foregoing instrument and acknowledged to me that she freely and voluntarily executed the same for the purposes named herein, and who made oath in due form of law that the matters and things stated herein are true.

_____
Notary Public

Candice Scott
Notary Public, District of Columbia
My Commission Expires 12/14/2012

My commission Expires: _____

3