**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLOBAL POLICY PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Case No. 1:09-cv-01471-RJL |
| JULEANNA R. GLOVER, | ) |
| and | ) |
| DOE DEFENDANTS 1-10 | ) |
| Defendants. | ) |

**DEFENDANT, JULEANNA R. GLOVER'S, REPLY TO THE PLAINTIFF, GLOBAL POLICY PARTNER'S, OPPOSITION TO MS. GLOVER'S MOTION TO DISMISS**

Defendant, Juleanna R. Glover, respectfully submits this reply to the plaintiff, Global Policy Partner's ("GPP"), opposition to her motion to dismiss. In her motion, Ms. Glover asserted that the November 26, 2008 Superior Court of the District of Columbia judgment, which specifically incorporated Ms. Glover and Jeffrey C. Weiss' settlement agreement and addendum to settlement agreement pertaining to their divorce, barred the instant lawsuit based upon the settlement agreement's mutual release and indemnification provisions. Predictably, GPP disputes Ms. Glover's claims, asserting that: (1) Ms. Glover's motion "impermissibly interjects facts and evidence that are outside the pleadings and which otherwise [do] not comply with the Federal and Local Rules;" (2) GPP is not a party to the mutual release, and therefore, is not bound by the provision; (3) even if the settlement agreement applies to GPP, it still lacks viability because GPP's claims do not arise out of the marital relationship between Ms. Glover

and Mr. Weiss; and (4) the indemnification provision is also inapplicable because such provisions are strictly construed, GPP is not a party to the provision, and the instant lawsuit is not a liability of GPP.  Based upon these reasons, GPP contends that Ms. Glover's motion "is nothing more than a stall tactic," and requests this Court to reject Ms. Glover's motion to dismiss and to award attorney's fees and costs.  *See* Opposition, p.2

Ms. Glover's motion is a far cry from a stall tactic.  Indeed, by raising specious claims in its opposition, GPP is attempting to avoid the inevitable, *i.e.*, this Court's dismissing of GPP's complaint.  For example, GPP expends a great deal of effort in arguing that Ms. Glover's motion is inappropriate because it is premised on facts outside the pleadings and that Ms. Glover theoretically violated the federal rules of civil procedure and the local rules of this Court regarding summary judgment motions.  *See* Opposition, pp. 3-6.  Yet, even a cursory review of precedent reveals that, in determining 12(b)(6) motions, courts may consider "matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).  In fact, as recently as June, 2009, this Court reaffirmed its precedential holding that, in analyzing 12(b)(6) motions, courts may review matters of which it can take judicial notice.  *See Hinton v. Corrections Corporation of America*, 624 F. Supp. 2d 45, 47 (D.D.C. 2009).

Moreover, there can be no dispute that this Court may take judicial notice of Ms. Glover and Mr. Weiss' divorce judgment, which incorporated the settlement agreement.  According to this Court:

> [a] court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned."

*Hinton*, 624 F. Supp. 2d at 47 (quoting Fed. R. Evid. 201(b)).  Ms. Glover and Mr. Weiss' divorce judgment is "generally known within the territorial jurisdiction of this Court."  In fact, the judgment, a publicly-available record, resides in the clerk's office of the Superior Court of the District of Columbia, not more than four blocks from this Court.  Additionally, the divorce judgment is capable of accurate and ready determination by simply reviewing the document at the clerk's office.  Certainly, the clerk's office and the document are sources, "whose accuracy cannot be questioned."  Thus, at the end of the day, GPP's argument that the federal and local rules barred Ms. Glover from attaching her divorce decree to her 12(b)(6) motion is utterly erroneous and unsupported by precedent.  Consequently, this Court must reject it and the accompanying requests for attorney's fees and costs.

     Realizing that its claim regarding 12(B)(6) is utterly meritless, GPP naturally proceeds to argue that the mutual release provision is inapplicable because GPP is not a signatory to the settlement agreement.  GPP misses the point.  Mr. Weiss has released Ms. Glover from all claims arising out of their marital relationship.  Consequently, this mutual release bars Mr., Weiss from being involved in any claims against Ms. Glover arising out of that relationship.  Yet, Mr. Weiss has done precisely what the mutual release forbids.  He released Ms. Glover from all claims, and then, along with cohort, Ms. Yessin, authorized this lawsuit against Ms. Glover.  Complaint, ¶ 9.  Yet, the mutual release explicitly bars such conduct by Mr. Weiss.  In fact, Mr. Weiss has essentially attempted to circumvent the mutual release provision by authorizing GPP to initiate litigation based upon the marital relationship between him and Ms. Glover.  Surely, this Court cannot allow such conduct to occur.

     Moreover, contrary to GPP's assertions, there can be no doubt that GPP is "functionally identical" to Mr. Weiss.  *See Lindell v. The Landis Corporation 401(K) Plan*, 2009 U.S. Dist.

LEXIS 65228 at *7 (D.D.C. July 28, 2009). In fact, according to the Complaint, Mr. Weiss and Ms. Yessin are the officers and principals and majority owners of GPP, and have authority to make decisions on GPP's behalf. Complaint, ¶ 9. Thus, Mr. Weiss and Ms. Yessin, not GPP, authorized this litigation. Consequently, there simply is no functional or substantive difference between Mr. Weiss and the limited liability company, especially considering that GPP is suing based upon conduct relating to the marriage between Ms. Glover and Mr. Weiss. Therefore, this Court must dismiss the Complaint. The mutual release provision bars Mr. Weiss from being involved in any litigation against Ms. Glover arising out of the marital relationship between her and Mr. Weiss.[1]

Furthermore, GPP's claim that the indemnification provision is inapplicable because it applies to Global Group Partners, not GPP, is meritless. According to Ms. Glover, Mr. Weiss is not involved in two companies and the reference in the settlement agreement to Global Group Partners and not GPP is a mistake/typographical error. In addition, GPP's argument that the term "liabilities" does not apply to this litigation because "a legal cause of action is an **asset** of the company, not a liability," utterly misses the point. *See* Opposition, p. 15. If this case proceeds to trial and if the jury holds for GPP, this court will impose judgment against Ms. Glover. In other words, Ms. Glover will purportedly owe damages to GPP, and those damages are "liabilities associated with [GPP]," and therefore, Mr. Weiss, who agreed to "indemnify and hold Juleanna harmless' regarding "any liabilities associated with GPP" would, pursuant to the explicit terms of the indemnification provision, be required to pay Ms. Glover's damages. In

---

[1] GPP's claim that its allegations do not arise out of the marital relationship is specious. GPP specifically alleges that Ms. Glover's alleged conduct "have caused impairment . . . to [Mr. Weiss'] legal position in his divorce proceedings against Defendant." Complaint, ¶ 38. Simply put, the Complaint contains allegations pertaining to the marriage and, at the end of the day, there would be no lawsuit without the marriage between Ms. Glover and Mr. Weiss. *See* Complaint, ¶¶ 12, 15, 21, 38.

simple terms, the indemnification provision applies to this case and, in actuality, Mr. Weiss might be on both sides of this case: a majority owner of GPP and, based upon the indemnification provision, a third-party defendant.

Finally, in a last ditch attempt to avoid dismissal, GPP argues that, even if the mutual release and indemnification provisions precluded this lawsuit, such provisions do not bar Ms. Yessin, GPP's other member and manager from acting on GPP's behalf. *See* Opposition, pp. 17-18. Again, GPP misses the point. Simply put, whether, as a matter of law, Ms. Yessin could initiate this litigation by herself is utterly irrelevant to this motion. Mr. Weiss' divorce judgment barred him from initiating this lawsuit, and he contravened the explicit terms of the divorce judgment by authorizing this litigation. Thus, this Court has no choice but to dismiss this case. Such an order would be consistent with the divorce decree into which Mr. Weiss voluntarily and freely entered.

Respectfully submitted this 18th day of September, 2009

By: _____
Ross A. Nabatoff, #376665
Andrew D. Herman, #462334
BRAND LAW GROUP
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700
Attorneys for Defendant Juleanna R. Glover

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2009, a true and correct copy of this *Defendant's Reply to the Plaintiff's Opposition to her Motion to Dismiss* has been served via electronic mail upon the following:

Stephen Lybrook Neal, Jr.
DiMuroGinsberg PC
908 King Street
Suite 200
Alexandria, VA 22314
Ph:  (703) 684-4333
Fax: (703) 548-3181
Email: sneal@dimuro.com

_____
Ross A. Nabatoff