**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GLOBAL POLICY PARTNERS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JULEANNA R. GLOVER,** | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff | ) | |
| | ) | |
| and | ) | Civil Case No. 1:09-cv-01471-RJL |
| | ) | |
| **DOE DEFENDANTS 1-10** | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JEFFREY WEISS** | ) | |
| | ) | |
| Third-Party Defendant | ) | |

**JULEANNA R. GLOVER'S THIRD-PARTY COMPLAINT**

**INTRODUCTION**

Defendant/Third-Party Plaintiff, Juleanna R. Glover, pursuant to Fed.R.Civ.P. 14(a)(1), respectfully impleads Jeffrey C. Weiss as a third-party defendant in the above- referenced action. If this Court or a jury finds Ms. Glover liable on any counts alleged in Plaintiff, Global Policy Partners', LLC ("GPP") Amended Complaint, (ECF No. 14), Mr. Weiss must indemnify her for any such liabilities or damages. In its Amended Complaint, GPP alleges that Ms. Glover, along with ten John Does, unlawfully installed a spyware system called PC Pandora on a laptop computer purportedly belonging to Mr. Weiss, a GPP principal and Ms. Glover's ex-husband,

and this spyware system allowed Ms. Glover and the ten John Does, without authorization, to intercept and to use electronic communications and documents on GPP's computer system and email account. *See* Amended Complaint, ¶¶ 15, 16, 21.[1] Consequently, the Amended Complaint alleges that Ms. Glover and the ten John Does violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522; Title II of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701-2712; and parallel District of Columbia statutory provisions, D.C. Code §§ 23-542-544; and the common law tort of trespass to chattels. *See* Amended Complaint, Introduction.

Yet, even if GPP prevails in this action, Mr. Weiss must indemnify Ms. Glover for any liabilities or damages she would be required to pay. On November 26, 2008, the Superior Court of the District of Columbia entered a Judgment of Absolute Divorce that merged and incorporated Mr. Weiss and Ms. Glover's settlement agreement relating to their divorce proceedings. In that settlement agreement, each party agreed to release and forever discharge the other "from any and all rights and claims . . . arising out of or by virtue of the marital relation of the parties[.]" *See* Judgment of Absolute Divorce, Settlement Agreement, ¶ 18, attached hereto as Exhibit A. In addition, in the settlement agreement, Mr. Weiss agreed to "indemnify and hold Juleanna [Glover] harmless" for any liabilities "associated" with GPP. *See* Exhibit A, Settlement Agreement, ¶ 9c. Since GPP's claims in this dispute arise out of the marital relationship between Mr. Weiss and Ms. Glover and the instant lawsuit is also a liability associated with GPP, the mutual release and the hold harmless provisions are applicable to this case. If GPP prevails in this case, therefore, Mr. Weiss, based upon these contractual provisions, must indemnify Ms. Glover for any liabilities or damages she incurs based upon this dispute.

---

[1]    GPP is a Florida limited liability corporation.

## JURISDICTION AND VENUE

Rule 14(a)(1) of the Federal Rules of Civil Procedure permits a defending party, "as third-party plaintiff, [to] serve a summons and Amended Complaint on a nonparty who is or may be liable to it for all or part of the claim against it." *See* Fed.R.Civ.P. 14(a)(1).

Since a substantial part of the events giving rise to Ms. Glover's Third-Party Amended Complaint arose in the District of Columbia, *i.e.*, the divorce decree and incorporated attachments were signed in the District of Columbia, venue is proper pursuant to 28 U.S.C. § 1391(b)

## PARTIES

1.   Defendant/Third-Party Plaintiff Juleanna Glover resides in the District of Colombia at 2146 Wyoming Avenue, N.W., Washington, D.C. 20009.

2.   Third-Party Defendant Jeffrey C. Weiss is the ex-husband of Ms. Glover, and currently resides in the District of Columbia at 2323 Tracy Place, N.W.. Washington, D.C. 20008.

## FACTUAL ALLEGATIONS

3.   On November 26, 2008, the Superior Court of the District of Columbia awarded Ms. Glover a Judgment of Absolute Divorce from Mr. Weiss. *See* Exhibit A, p.7.

4.   The Judgment of Absolute Divorce specifically incorporated and merged the June 12, 2008 Settlement Agreement and the November 25, 2008 Addendum into the Judgment. *See* Exhibit A.

5.   The June 12, 2008 Settlement Agreement explicitly declared that:

> [e]xcept as otherwise provided by this Settlement Agreement, each Party hereby releases and forever discharges the other, his or her heirs, executors, administrators, assigns, property and estate from any and all rights, claims, demands, or obligations, arising out of or by virtue of the marital relation of the

>Parties, including rights to equitable distribution, marital property, judgments, dower rights, curtsey, homestead rights, family allowance, right to an elective share of the estate of the other, or to take against the will of the other, right of inheritance or distribution in the event of intestacy, right to act as administrator of the estate of the other, and all other similar or related rights under the laws of any state or territory of the United States or of any foreign country, as such laws exist or may hereafter be enacted or amended.  Except as otherwise set forth in this Agreement, this paragraph is intended to waive all rights of each spouse in the property and estate of the other.  Nothing herein, however, shall constitute a waiver by either Party of the right to accept a voluntary bequest or bequests under the will of the other or to act as Personal Representative of the estate of the other if so named in the Last Will and Testament of the other.

*See* Exhibit A, Settlement Agreement, ¶ 18.

      6.      The June 12, 2008 Settlement Agreement also explicitly stated that:

>Jeffrey has an interest in Global Group Partners.  Jeffrey's interest in Global Group Partners shall become Jeffrey's sole and separate property and Juleanna waives any interest she may have therein.  Jeffrey shall be solely responsible for any liabilities associated with this asset and shall indemnify and hold Juleanna harmless thereon.

*See* Exhibit A, Settlement Agreement, ¶ 9c.

      7.      The claims in GPP's Amended Complaint arise out of or by virtue of the marital relation of Ms. Glover and Mr. Weiss.

      8.      GPP's Amended Complaint specifically alleges that the purportedly unlawful acts of Ms. Glover occurred "while their divorce proceedings were pending."  Amended Complaint, ¶ 15.

      9.      GPP's Amended Complaint states that Ms. Glover, "intercepted, accessed, and used Mr. Weiss's privileged correspondence with his counsel regarding the divorce and what he would accept as a settlement." Amended Complaint, ¶ 15.

      10.     The Amended Complaint also alleges that, "[w]ith this privileged information, [Ms. Glover] obtained a decisive, unfair advantage in divorce proceedings."  Amended Complaint, ¶ 15.

11. In addition, the Amended Complaint claims that "[Ms. Glover] intercepted and accessed privileged communications between Mr. Weiss and his counsel in real time during the course of the [divorce] settlement negotiations, which gave [Ms. Glover] a decisive, unfair advantage in the divorce proceedings." Amended Complaint, ¶ 21.

12. Furthermore, the Amended Complaint declares that "[Ms. Glover] also placed global positioning devices on Mr. Weiss' car and cellular phone so she could track his every move." Amended Complaint, ¶ 31.

13. The Amended Complaint also states that Ms. Glover's allegedly unlawful activity impaired Mr. Weiss' "legal position in his divorce proceedings against [Ms. Glover]." Amended Complaint, ¶ 38.

14. In addition, the current litigation is a liability associated with GPP.

## COUNT I
### (Indemnification)

15. Paragraphs 1-14 are realleged and reincorporated herein by reference.

16. GPP's Amended Complaint arises out of or by virtue of the marital relations between Ms. Glover and Mr. Weiss.

17. Any liabilities or damages that Ms. Glover may incur as a result of GPP's Amended Complaint arise out of or by virtue of the marital relations between Ms. Glover and Mr. Weiss.

18. Because any liabilities or damages that Ms. Glover may incur as a result of GPP's Amended Complaint arises out of or by virtue of the marital relations between Ms. Glover and Mr. Weiss, Mr. Weiss, based upon the mutual release provision contained in and incorporated into the November 26, 2008 Judgment of Absolute Divorce between Ms. Glover and Mr. Weiss,

must indemnify Ms. Glover for any liabilities or damages that she may incur as a result of GPP's Amended Complaint.

### COUNT II
### (Indemnification)

19. Paragraphs 1-18 are realleged and reincorporated herein by reference

20. Any liabilities or damages that Ms. Glover may incur as a result of GPP's Amended Complaint are associated with GPP.

21. Because any liabilities or damages that Ms. Glover may incur as a result of GPP's Amended Complaint are associated with GPP, Mr. Weiss must indemnify and hold Ms. Glover harmless for any such potential liabilities or damages that may occur as a result of GPP's Amended Complaint.

**WHEREFORE**, Defendant/Third-Party Plaintiff Juleanna R. Glover prays for the following relief:

(a)  **As to Count 1**

   (i)   Full and total indemnification from Mr. Weiss for any liabilities or damages that Ms. Glover may incur as a result of GPP's Amended Complaint.
   (ii)  Reasonable Attorney Fees and Costs;
   (iii) Any and all other relief this Court deems just and equitable.

(b)  **As to Count II**

   (i)   Full and total indemnification from Mr. Weiss for any liabilities or damages that Ms. Glover may incur as a result of GPP's Amended Complaint;
   (ii)  Reasonable Attorney Fees and Costs; and
   (iii) Any and all other relief this Court deems just and equitable.

### JURY TRIAL DEMAND

Defendant/Third-Party Plaintiff demands a jury trial of all issues so triable.

Respectfully submitted this 30th day of March, 2010

                By: _____
                     Ross A. Nabatoff, #376665
                     Jere W. Glover, #37457
                     BRAND LAW GROUP
                     923 Fifteenth Street, N.W.
                     Washington, D.C. 20005
                     (202) 662-9700
                     Attorneys for Defendant Juleanna R. Glover

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of March, 2010, a true and correct copy of this Defendant's *Third Party Complaint* has been served via electronic mail upon the following:

Stephen Lybrook Neal, Jr.
DiMuroGinsberg PC
908 King Street
Suite 200
Alexandria, VA 22314
(703) 684-4333
Fax: (703) 548-3181
Email: sneal@dimuro.com

_____
Ross A. Nabatoff